UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C.S. LAWN & LANDSCAPE, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01533-TSC |

# ANSWER

Under Congress's foreign-commerce and immigration-related authority, the United States has long provided temporary work authorization for foreign workers. To that end, the "H–2 program, in one form or another, has been an element of U.S. immigration policy since the 1940's." H.R. Rep. No. 99-682(I), at 50 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5649, 5654. Now, Plaintiff C.S. Lawn and Landscape, Inc. contends that the Labor Department's enforcement regime—which uses administrative law judges (ALJs) to adjudicate H-2B violations—contravenes Articles II and III of the Constitution as well as the Seventh Amendment. Not only is Plaintiff wrong, but its claims contradict on-point, binding Supreme Court precedent. *See Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 450 (1977); *Morrison v. Olson*, 487 U.S. 654, 663–64, 686–93 (1988). That's why district courts have recently rejected the *exact* arguments that Plaintiff makes here. *See Sun Valley Orchards, LLC v. U.S. Dep't of Lab.*, 2023 WL 4784204, at *1 (D.N.J. July 27, 2023); *Frank's Nursery, LLC v. Walsh*, 2022 WL 2757373, at *8 (S.D. Tex. July 14, 2022). So even if Plaintiff had not waived its constitutional arguments by litigating before the agency for years without objection, those claims are meritless. The same is true for Plaintiff's remaining claims: the agency reasonably adjudicated Plaintiff's H-2B violations and reasonably explained its decision to

order $38,083.20 in back wages (money owed to workers) and $16,000 in civil monetary penalties. So there is neither a valid Administrative Procedure Act claim nor a valid Excessive Fines Clause claim.

Defendants U.S. Department of Labor (DOL) and Julie A. Su, in her official capacity as Acting U.S. Secretary of Labor now respond to the allegations in Plaintiff's complaint. *See* ECF No. 1. Defendants generally deny Plaintiff's allegations, except as specifically provided below. *See* Fed. R. Civ. P. 8(b)(3).

1. Admitted only insofar as agency enforcement proceedings have occurred for the last seven years.

2. Admitted only insofar as CS Lawn participated in the Labor Department's H-2B visa program for temporary workers since at least 2008, the agency charged CS Lawn with violating the program's regulations from 2013 to 2015, the agency's ALJ held a three-day hearing and subsequently issued a decision, CS Lawn appealed that decision to the Administrative Review Board (ARB), and CS Lawn was ultimately ordered to pay $54,083.20 ($38,083.20 in back wages and $16,000 in civil monetary penalties).

8. Admitted.

9. Admitted.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

11. Admitted.

12. Admitted only insofar as the acting U.S. Secretary of Labor is responsible for the oversight, administration, and enforcement of the H-2B visa program.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted only insofar as the Department of Homeland Security (DHS) delegated enforcement of the H-2B program—as Congress expressly contemplated—to the Secretary of Labor in 2009. *See* 8 U.S.C. §§ 1184(c)(14)(A), (B).

18. Admitted only insofar as DOL promulgated regulations in 2012 that were ultimately enjoined by the U.S. District Court for the Northern District of Florida.

19. Admitted only insofar as DOL's 2008 Rule was prospectively (not retroactively) enjoined by the U.S. District Court for the Northern District of Florida. *Perez v. Perez*, No. 14-cv-682, ECF No. 14 at 7–8 (N.D. Fla. Mar. 4, 2015), ECF No. 62 (N.D. Fla. Sept. 4, 2015).

20. Admitted only insofar as DOL and DHS issued joint regulations in 2015.

21. Admitted, except that the court's order also granted "the relief requested," which was that the court did not "enjoin DOL from using its enforcement powers [under the 2008 Rule] to ensure compliance with the terms and conditions of work promised in the labor certifications approved prior to the effective date of the Court's injunction." *Perez v. Perez*, No. 14-cv-682, ECF No. 62 (N.D. Fla. Sept. 4, 2015); *see id.* ECF No. 58 (N.D. Fla. Aug. 28, 2015).

22. Admitted only insofar as DOL filed a brief informing the *Perez* court that DOL interpreted the court's September 4, 2015 order "as permitting DOL to enforce compliance with the employer obligations and terms and conditions of H-2B employment imposed by the 2008 Rule, including the terms and conditions contained in labor certifications issued pursuant to that rule before the Court's permanent injunction took effect on April 30, 2015." *Perez v. Perez*, No. 14-cv-682, ECF No. 64 (N.D. Fla. March 4, 2015).

23. Admitted only insofar as the Secretary of Labor promulgated regulations in 2008 pertaining to remedies of debarment, civil monetary penalties, and back wages for violations of the H-2B program, and in 2015, jointly with DHS, the Secretary of Labor promulgated regulations pertaining to the process for adjudication before DOL ALJs and the ARB.

24. Admitted only insofar as the regulations adopted the quoted language directly from the authorizing statute. *See* 8 U.S.C. § 1184(c)(14)(A) and (B).

25. Admitted only insofar as the regulations adopted the quoted language directly from the authorizing statute. *See* 8 U.S.C. § 1184(c)(14)(D).

26. Admitted.

27. Admitted.

28. Admitted as to 29 C.F.R. § 503.23(b)–(e) but denied as to that provision's applicability to this case. *See* 20 C.F.R. § 655.65 (2008).

29. Admitted as to 29 C.F.R. § 503.23(a) but denied as to that provision's applicability to this case. *See* 20 C.F.R. § 655.65 (2008).

30. Admitted only insofar as a hearing occurs before a DOL ALJ only if the employer requests such a hearing. *See* 29 C.F.R. § 503.43; *id.* § 503.46.

33. Admitted.

35. Admitted.

36. Admitted only insofar as the Secretary of Labor created the ARB through Secretary's Order 02-96, Fed. Reg. 19,978 (May 3, 1996).

37. Admitted only insofar as the ARB consists of a maximum of five members. *See* Secretary's Order 02-2012, 77 Fed. Reg. 69,378 (Nov. 16, 2012); *see* Secretary's Order 01-2019, 84 Fed. Reg. 13072 (Apr. 3, 2019) (ARB members are appointed for a term of four years or less).

38. Admitted.

39. Admitted only insofar as the amount of civil monetary penalties assessed for violations of the H-2B program has increased since 2011.

40. Admitted only insofar as DOL assesses civil monetary penalties under $100,000 for violations of the H-2B program more often than it assesses civil monetary penalties over $100,000 for violations of the H-2B program.

41. Admitted only insofar as the amount of back wages DOL has assessed for violations of the H-2B program has increased since 2011.

42. Admitted only insofar as DOL assessed that amount of civil monetary penalties and back wages for violations of the H-2B program in the specific industries noted in the chart cited.

43. Admitted only insofar as DOL recovers unpaid wages on behalf of employees, makes every effort to locate and notify all employees due back wages, holds employees' back wages for three years while continuing efforts to locate employees, and if DOL remains unable to find the person after three years, DOL must send the money to the U.S. Treasury.

45. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

46. Admitted only insofar as Charles Saine is the sole owner of CS Lawn. Defendants lack knowledge or information sufficient to admit or deny the other allegations in this paragraph.

47. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

48. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph; otherwise denied.

50. Admitted only insofar as CS Lawn was not required to offer H-2B workers lodging. Defendants lack knowledge or information sufficient to admit or deny the rest of the allegations in this paragraph.

51. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

52. Admitted only insofar as a DOL investigator began investigating CS Lawn in 2015.

53. Admitted only insofar as DOL's investigation focused on alleged violations of the regulations promulgated by DOL in 2008 and the investigation was paused in 2015.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted only insofar as the determination letter explained that CS Lawn had the right to request a hearing on the Administrator's determination, that the request for such a hearing "must be made to and received by the Chief Administrative Law Judge (OALJ) . . . not later than 30 calendar days after the date of this determination," and that if CS Lawn did not "make a timely request for a hearing, [the] determination letter will become a final order of the Secretary of Labor and may no longer be appealed." Compl. Ex. A, ECF No. 1-1.

58. Admitted only insofar as CS Lawn objected to the Administrator of DOL's Wage and Hour Division's finding and requested a hearing before an ALJ.

59. Admitted only insofar as CS Lawn's case was docketed at the Office of Administrative Law Judges and subsequently assigned to Judge Davis.

60. Admitted.

61. Admitted only insofar as the ALJ's September 6, 2019 decision affirmed the Administrator's determination that CS Lawn committed four violations of the H-2B regulations and assessed back wages and civil monetary penalties for each violation.

62. Admitted only insofar as the ALJ awarded $36,000 in back wages and assessed $21,000 in civil monetary penalties for the violations, which is far below the amount of liability identified in DOL's determination letter.

63. Admitted only insofar as, from 2013 and 2015, nine H-2B workers rented housing at 1107 Butterworth Court from CS Lawn.

64. Admitted only insofar as each worked paid $200 a month in rent in 2013 and 2014, with rent increasing to $300 a month in 2015. Defendants lack knowledge or information sufficient to admit or deny the other allegations in this paragraph.

65. Admitted only insofar as the workers' housing was in a business park zoned "suburban industrial," which does not permit it to be used as a residential living quarters.

70. Admitted only insofar as the ALJ ordered CS Lawn to pay a total of $43,500 in back wages and civil monetary penalties for improper housing deductions.

71. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

72. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

74. Admitted only insofar as the employment contract informed workers of a uniform deduction of $13.66 per pay period, whereas $18.62 was actually deducted in 2015.

75. Admitted only insofar as the ALJ concluded that CS Lawn improperly deducted more than the disclosed amount for uniforms in 2015 and thus owed back wages of $2,083.20 to the 21 workers; the ALJ also assessed $1,000 in civil monetary penalties for the violation.

77. Admitted only insofar as the ALJ concluded that CS Lawn willfully misrepresented the actual number of temporary workers it needed in 2013, 2014, and 2015 by overstating the number of workers requested and by bringing in two women knowing that they would not be working for CS Lawn. The ALJ assessed a total of $7,500 ($2,500 for each of the three years) in civil monetary penalties for this violation.

78. Admitted.

79. Admitted.

80. Admitted only insofar as the ARB issued a decision on April 4, 2022 that largely affirmed the ALJ's decision.

81. Admitted.

82. Admitted only insofar as the ARB affirmed the ALJ's award of $7,500 in civil monetary penalties and $36,000 in back wages for the improper housing deductions.

83. Admitted only insofar as the ARB affirmed the award of penalties and back wages for the uniform deductions.

84. Admitted only insofar as the ARB affirmed $7,500 in civil monetary penalties and the ALJ's associated findings for these penalties.

85. Admitted only insofar as the ARB reduced CS Lawn's total civil monetary penalties by $5,000 because CS Lawn and the Administrator agreed, and the ARB concluded, that "the violations of Sections 655.22(a) (less favorable terms to U.S. workers) and 655.22(n) (inflating number of workers by two) [assessed during the 2013 season] are barred by the statute of limitations because both claims accrued during 2012."

86. Admitted only insofar as the ARB affirmed the ALJ's order that CS Lawn pay a total of $38,083.20 in back wages and ordered CS Lawn to pay $16,000 in civil monetary penalties for its violations of the H-2B regulations.

88. Admitted.

102. Admitted.

108. Admitted only insofar as a jury did not find facts underlying the decision of the Administrator, ALJ, or ARB.

115. Admitted only as to the first sentence of this paragraph; otherwise denied.

120. Admitted only insofar as CS Lawn was assessed $7,500 in civil monetary penalties and $36,000 in back wages for its failure to comply with 20 C.F.R. § 655.22(g)(1).

**DEFENSES**

1. Defendants' actions or inactions did not violate the Constitution, the APA, or any other statutory or regulatory provision.

2. Plaintiff waived one or more of its claims—and/or consented to agency adjudication—by failing to raise them with the agency.

DATED:  September 29, 2023               Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General

                                         JULIE STRAUS HARRIS
                                         Assistant Director, Federal Programs Branch

                                         */s/ Stephen Ehrlich*
                                         STEPHEN EHRLICH
                                         Attorney
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         Peter W. Rodino, Jr. Federal Building
                                         970 Broad Street, 7th Floor
                                         Newark, NJ 07102
                                         Phone: (202) 305-9803
                                         Email: stephen.ehrlich@usdoj.gov

                                         *Attorneys for Defendants*