UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C.S. LAWN & LANDSCAPE, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01533-TSC |

**JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

This case involves Plaintiff's allegations that the Department of Labor's imposition of back wages and civil monetary penalties violates the Constitution and the Administrative Procedure Act. *See* Compl., ECF No. 1. Defendants answered Plaintiff's complaint, and the Court subsequently ordered the parties to jointly propose a schedule for proceedings in this matter. *See* Minute Order (Oct. 5, 2023). After receiving the parties' proposals, ECF No. 11, the Court asked the parties to "show cause why the court should not postpone briefing until the Supreme Court's decision in *Securities and Exchange Commission v. Jarkesy*, No. 22-859." Minute Order (Nov. 7, 2023).

The parties have conferred, and they now consent to postponing briefing until the Supreme Court decides *Jarkesy*. The parties still disagree about the order of briefing, however, and in the interest of convenience to the Court, the parties have included below their positions and proposed briefing schedules following the stay. Alternatively, should the Court prefer to postpone consideration of the schedule, the parties propose that they shall file a joint status report within 14 days of the *Jarkesy* decision in which they set forth their positions and proposed briefing schedules.

1

### A. Plaintiff's Position

Postponing briefing until after the Supreme Court decides *Jarkesy* has not changed Plaintiffs' position, which continues to be that there is no reason to depart from the order of briefing established by the default local rule, under which the government responds to the Complaint by filing a dispositive motion. *See* LcvR 7(n)(1). Following the default rule here makes sense because Defendants have what they need to file a dispositive motion defending their administrative adjudication system for imposing fines and other monetary liabilities and defending Defendants' enforcement against Plaintiff in the underlying administrative adjudication. Plaintiff's constitutional and APA claims are explained in detail in the complaint and are based on a closed record generated by Defendants' enforcement proceedings. Indeed, while the government argues that the default rule should be reversed—and argues that it cannot file a motion without Plaintiff filing first—this ignores the fact that Plaintiff *already* set out its position in detail in the complaint. Defendants offer no other reason to depart from the default rule, but, given that Defendants offer two alternate briefing schedules with *no* commonality except that both have Defendants filing the last brief, it is difficult to avoid the conclusion that Defendants simply want to have the last word. Defendants' desire to speak last is not a reason to depart from the default briefing order. Since Defendants have what they need to file a dispositive motion and since there is no other apparent reason to deviate from the default order here, Plaintiff respectfully submits that the default rule should continue to control when the parties brief this matter after the *Jarkesy* decision.

| Plaintiff's Proposal | | |
|---|---|---|
| Action | Date | Page Limit |
| Defendants' production of the administrative record | November 29, 2023 | - |
| Defendants' motion for summary judgment | 45 days after the Supreme Court's decision in *Jarkesy* | 45 pages |
| Plaintiff's combined opposition to Defendants' motion for summary judgment and cross-motion for summary judgment | 45 days after Defendants' motion for summary judgment | 45 pages |

2

| Defendants' combined reply in support of their motion for summary judgment and opposition to Plaintiff's cross-motion for summary judgment | 45 days after Plaintiffs' cross-motion for summary judgment and opposition | 45 pages |
|---|---|---|
| Plaintiff's reply in support of their cross-motion for summary judgment | 45 days after Defendants' combined reply and opposition | 35 pages |

### B. Defendants' Position

Local Rule 7(n) does not set a "default rule" for Defendants to move first when the parties cross move for summary judgment; if anything, the "default rule" is the opposite. And that makes sense: it is plaintiffs' burden to prevail on their claims, and defendants have little indication how they will attempt to do so, especially in an APA case where plaintiffs must show that the agency's actions violate the APA's deferential standards of review. 5 U.S.C. § 706(2). In fact, the same Plaintiff's counsel *agreed* to move first in a four-brief schedule when they recently brought a nearly identical case. *See Sun Valley Orchards, LLC v. U.S. Dep't of Lab.*, No. 1:21-cv-16625, ECF No. 16 (D.N.J. Nov. 9, 2021). Perhaps because they lost that case, they now seek to have the "last word" in any briefing schedule here. But their delayed episode of briefer's remorse gives no reason to upend the common-sense rule that plaintiffs move first when they challenge agency action. The Court should impose that same summary-judgment sequence here or, failing that, allow Defendants to move for judgement on the pleadings while Plaintiff cross moves for summary judgement.

To begin, Local Rule 7(n)(1) the rule says nothing about the sequence of cross-motions for summary judgement. It requires only that the agency produce an administrative record "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." Defendants did not file a dispositive motion here; as this Court recognized, Defendants filed an answer. *See* Minute Order (Oct. 5, 2023). So, absent a court order, Defendants would have produced the administrative record 30 days after their answer. And the rule is totally silent on sequencing cross motions for summary judgment *after* the agency produces an administrative record.

3

If anything, the "default rule" in this District is a four-brief summary-judgment schedule where plaintiffs move first. Courts in this District routinely enter such scheduling orders, especially in APA cases.[1] And that makes sense. On cross-motions for summary judgment, "[t]he party challenging an agency's action" bears "the burden of proof." *Texas Neighborhood Servs. v. U.S. Dept of Health & Hum. Servs.*, 172 F. Supp. 3d 236, 242 (D.D.C. 2016) (Chutkan, J.), *aff'd,* 875 F.3d 1 (D.C. Cir. 2017). The agency need only demonstrate why plaintiffs have not met *their* burden. For Defendants to move first (as in Plaintiff's proposal) would require Defendants to anticipate Plaintiff's arguments, perhaps guessing wrong and wasting the parties' and the Court's time on arguments that Plaintiff may never advance. *See Trotter v. Berryhill*, 2019 WL 1786043, at *2 (D. Del. Apr. 24, 2019) ("Plaintiff's failure to file her opening brief impedes Defendant's ability to meaningfully respond to the scope of Plaintiff's appeal and to submit Defendant's cross-motion for summary judgment"). This is especially important here: although Plaintiff's counsel asserts that their "claims are explained in detail in the complaint," they have "abandoned" parts of their complaint in the past. *See Sun Valley Orchards, LLC v. U.S. Dep't of Lab.*, 2023 WL 4784204, at *8 n.7 (D.N.J. July 27, 2023).

That's why, in analogous situations, the party primarily seeking to reverse a decision below moves first. In an APA case—just as in an appeal from district court to the court of appeals—the "the district judge sits as an appellate tribunal" and the "entire case on review is a question of law." *City of Huntington, W. Virginia v. U.S. Dep't of Hous. & Urb. Dev.*, 466 F. Supp. 3d 30, 32 (D.D.C. 2020) (Chutkan, J.). And when there are cross appeals under the Federal Rules of Appellate Procedure, the *appellant* moves first in a four-brief sequence. *See* Fed. R. App. P. 28.1. So too here.

---

[1] *See, e.g.*, *Matson Navigation Co., Inc. v. Dep't of Transportation*, 1:22-cv-01975, Minute Order (Oct. 16, 2023); *Swisher International, Inc. v. FDA*, 1:22-cv-00954, Minute Order (Oct. 12, 2023); *Nat'l Assoc. for Home Care & Hospice v. Becerra*, No. 1:23-cv-01942, Minute Order (Sept. 1, 2023); *Merck & Co., Inc. v. Becerra*, ECF No. 14 (June 23, 2023); *HIV and Hepatitis Policy Institute v. Dep't of Health And Human Services*, 1:22-cv-02604, Minute Order (Dec. 1, 2022); *Am. First Legal Found. v. Cardona*, 1:22-cv-01947, ECF No. 17 (Aug. 12, 2022).

Defendants therefore propose two alternative schedules. The first is most efficient: cross-motions for summary judgement where Plaintiff moves first, as is routine in APA cases. If the Court wants Defendants to move first, then they ask the Court to enter an alternative schedule where Defendants move for judgement on the pleadings on Plaintiff's non-APA claims first. *See* Fed. R. Civ. P. 12(c). Plaintiff would then cross-move for summary judgment on all claims, and Defendants would also cross-move for summary judgment, allowing them to respond to Plaintiff's APA arguments. Both schedules—which incorporate the parties' agreed-upon timeframes and page limits—are set forth below:

| **Defendants' Proposal** | | |
|---|---|---|
| **Action** | **Date** | **Page Limit** |
| Defendants' production of the administrative record | November 29, 2023 | - |
| Plaintiff's motion for summary judgment | 45 days after the Supreme Court's decision in *Jarkesy* | 45 pages |
| Defendants' combined opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment | 45 days after Plaintiff's motion for summary judgment | 45 pages |
| Plaintiff's combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment | 45 days after Defendants' cross-motion for summary judgment and opposition | 45 pages |
| Defendants' reply in support of their cross-motion for summary judgment | 45 days after Plaintiff's combined reply and opposition | 35 pages |

| **Defendants' Alternative Proposal** | | |
|---|---|---|
| **Action** | **Date** | **Page Limit** |
| Defendants' production of the administrative record | November 29, 2023 | - |
| Defendants' Rule 12(c) motion | 45 days after the Supreme Court's decision in *Jarkesy* | 45 pages |
| Plaintiff's combined opposition to Defendants 12(c) motion and cross-motion for summary judgment | 45 days after Defendants' 12(c) motion | 45 pages |

| | | |
|---|---|---|
| Defendants' combined reply in support of their 12(c) motion, opposition to Plaintiff's summary-judgment motion, and cross-motion for summary judgment | 45 days after Plaintiff's combined opposition and cross-motion | 45 pages |
| Plaintiff's combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment | 45 days after Defendants' combined reply, opposition, and cross-motion | 45 pages |
| Defendants' reply in support of their cross-motion for summary judgment | 45 days after Plaintiff's combined reply and opposition | 35 pages |

DATED: November 16, 2023

Respectfully submitted,

/s/ Robert M. Belden
Robert M. Belden
DC Bar No. 1035488
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
rbelden@ij.org

Robert E. Johnson
DC Bar No. 1013390
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd. #256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

*Attorneys for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

/s/ Stephen Ehrlich
STEPHEN EHRLICH
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*

| | | |
|---|---|---|
| Defendants' combined reply in support of their 12(c) motion, opposition to Plaintiff's summary-judgment motion, and cross-motion for summary judgment | 45 days after Plaintiff's combined opposition and cross-motion | 45 pages |
| Plaintiff's combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment | 45 days after Defendants' combined reply, opposition, and cross-motion | 45 pages |
| Defendants' reply in support of their cross-motion for summary judgment | 45 days after Plaintiff's combined reply and opposition | 35 pages |

DATED: November 16, 2023

Respectfully submitted,

/s/ Robert M. Belden
Robert M. Belden
DC Bar No. 1035488
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
rbelden@ij.org

Robert E. Johnson
DC Bar No. 1013390
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd. #256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

*Attorneys for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

/s/ Stephen Ehrlich
STEPHEN EHRLICH
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*